UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>MIKESELL TRADING LLC<br><br>Debtor | Case No. 24-31363-jal<br><br>Chapter 11 |

**INTERIM ORDER AUTHORIZING
DEBTOR'S USE OF CASH COLLATERAL**

This matter came before the Court for a preliminary hearing upon the *Emergency Motion to Use Cash Collateral on an Interim Basis* (the "Cash Collateral Motion") filed by Mikesell Trading LLC (the "Debtor"). Notice of the hearing on the Cash Collateral Motion having been given, and the Court being otherwise sufficiently advised;

IT IS HEREBY FOUND AND DECREED that:

A.  The Court has jurisdiction over this matter and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Notice of the Cash Collateral Motion and the hearing thereon was provided by the Debtor to (i) the United States Trustee, (ii) the entities identified in the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* filed with the Debtor's petition pursuant to Fed. R. Bankr. P. 1007(d); (iii) all persons known to claim or assert an interest in the property affected hereby; and (iv) all other parties in interest that have filed notices of appearance in this chapter 11 bankruptcy case pursuant to Fed. R. Bankr. P. 2002. Notice of the hearing on the Cash Collateral Motion is appropriate, adequate, and sufficient under the circumstances set forth herein and presented to the Court and complies with the applicable

provisions of Bankruptcy Code §§ 363 and 364, Fed. R. Bankr. P. 2002 and 4001, and all other applicable law.

C. The Debtor's representations concerning the secured indebtedness set forth in the Cash Collateral Motion provide information sufficient to determine that Amazon Capital,[1] the SBA, Rapid Finance, and SellersFi (collectively, with Amazon Capital, the SBA, and Rapid Finance, the "Cash Collateral Creditors") assert interests in the Debtor's Cash Collateral. Notwithstanding the foregoing, the extent, validity, and priority of the Cash Collateral Creditors' respective interests in the Cash Collateral remains subject to further investigation and proof.

D. Debtor's ability to use Cash Collateral pursuant to the terms of this Interim Order to meet its post-petition obligations is vital to the continued operation of the business and preservation of the going concern value of the estate. It is in the best interests of the Debtor, its estate, and its creditors for Debtor to have continued access to Cash Collateral pursuant to the terms set forth herein. Without use of Cash Collateral, Debtor could not continue operating and its assets would deteriorate in value. The relief authorized herein is necessary to avoid immediate and irreparable harm (within the meaning of Fed. R. Bankr. P. 4001(b)(2)) to the Debtor. The Debtor have demonstrated sufficient cause to grant the relief authorized by this Interim Order.

Now, therefore, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The findings contained in paragraphs A through D of this Interim Order are incorporated by this reference.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed in the Cash Collateral Motion.

2. Debtor is hereby authorized to use Cash Collateral in the ordinary course of business through July 31, 2024 (the "Interim Period"), in accordance with, and subject to, the provisions of this Order.

3. Debtor's authorization to use Cash Collateral in the ordinary course of business during the Interim Period shall include, without limitation, performance under any Business Solutions Agreement or similar agreement ("BSA") with Amazon.com Services, LLC ("Amazon.com") which governs Debtor's ability to sell products on the "Amazon Store" in the ordinary course of Debtor's business. In accordance with, and subject to, the provisions of this Order, Amazon.com and its affiliates are further authorized to continue netting fees, expenses, and reimbursements (whether or not related to pre- or post-petition sales) from Debtor's sales proceeds and remit, to the Debtor, Debtor's net proceeds less the adequate protection payments owed to Amazon Capital under the terms of this Order. On the regularly scheduled disbursement scheduled date of June 18, 2024 and continuing every fourteen (14) days thereafter, Amazon.com and its affiliates shall disburse the net sales proceeds to the Debtor.

4. The Debtor may use Cash Collateral, in its discretion, to pay ordinary trade payables arising after the Petition Date, insurance premiums, taxes, utilities (including any adequate assurance payments), allowed administrative expenses of this chapter 11 case, compensation, and adequate protection payments authorized by this Interim Order or separate order(s), as necessary to preserve and maintain the assets and operations of the Debtor in accordance with the budget attached as Exhibit A to the Cash Collateral Motion.

5. Pursuant to the Cash Collateral Creditors' right to adequate protection of their respective interests in the Debtor's cash collateral for (a) the imposition of the automatic stay,

and (b) the Debtor's use of Cash Collateral, each Cash Collateral Creditor is hereby granted, in equal priority and scope and to the same extent as existed under applicable law prior to the Petition Date, replacement liens upon all of the post-petition property of the Debtor that is similar to or traceable to each Cash Collateral Creditor's respective pre-petition interest in Debtor's property, including, without limitation, all post-petition property of the types constituting said Cash Collateral Creditor's collateral and the rents, proceeds, and products thereof, to secure the amount of the Cash Collateral actually used by the Debtor during the Interim Period. Such post-petition security interests, liens, and other rights granted to the Cash Collateral Creditors shall be and are deemed to be effective, valid, attached, perfected, choate, enforceable, and continuing as of the Petition Date without the necessity of taking any other act or recording any security agreements, financing statements, or any other instruments or documents, and no further notice, filing, recordation, or order shall be required to effect such validity, perfection, and enforceability. This Interim Order shall be deemed to constitute a security agreement under applicable provisions of the Uniform Commercial Code.

6. As additional adequate protection to Amazon Capital during the pendency of this Interim Order, Debtor shall make regular monthly payments of $10,000.00 to Amazon Capital, and such payments shall be deemed included within Debtor's cash collateral budget submitted with the Motion. On June 15, 2024 and continuing every thirty (30) days thereafter, Amazon Capital or its affiliates shall be entitled to deduct the monthly adequate protection payment from Debtor's seller account maintained on the Amazon marketplace platform.

7. As additional adequate protection to Amazon Capital during the pendency of this Interim Order, Amazon Capital shall hold an allowed administrative claim under 11

U.S.C. § 507(b) with respect to Debtor's adequate protection obligations to the extent that the replacement liens on post-petition collateral do not adequately protect the diminution in value of the interest of Amazon Capital in its pre-petition collateral. Such administrative claim shall be junior and subordinate only to any superpriority claim of the kind that may be separately ordered by the Court under 11 U.S.C. § 364. The administrative claim shall be payable from and have recourse to all pre-petition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any pre-petition liens held by Amazon Capital and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

8. As additional adequate protection to the SBA during the pendency of this Interim Order, Debtor shall make regular monthly payments of $500.00 to the SBA, and such payments shall be deemed included within Debtor's cash collateral budget submitted with the Motion.

9. Notwithstanding anything to the contrary in this Interim Order, the replacement liens granted to the Cash Collateral Creditors shall not prime any pre-existing liens or security interests held by any other party.

10. The Debtor shall maintain adequate insurance on its assets.

11. Except as otherwise provided herein, if any or all the provisions of this Interim Order are hereafter modified, vacated, or stayed by a subsequent order of this or any other Court, such stay, modification, or vacation shall not affect the validity of the Cash Collateral Creditors' secured claims incurred by the then-prior use of Cash Collateral pursuant to this Interim Order. Any use of Cash Collateral prior to a stay, modification, or vacation of this Interim Order shall be governed in all respects by the provisions hereof and the Cash

Collateral Creditors shall be entitled to all the rights, privileges, and benefits granted herein and otherwise specifically granted by the Bankruptcy Code. This order shall be binding upon the Debtor, the bankruptcy estate including any successor trustee.

12. This Order is entered without prejudice to the right of any Cash Collateral Creditor or other creditor to seek additional adequate protection or other relief available under the Bankruptcy Code, other applicable law, or the parties' respective loan documents.

13. A final hearing to consider and act upon Debtor's continued use of Cash Collateral beyond the Interim Period shall be scheduled and noticed by the Clerk of this Court.

SO ORDERED.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 14, 2024

CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630

Have seen and agreed:

*/s/ Michael J. Gearin* (w/ email permission)
MICHAEL J. GEARIN
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Telephone: (206) 370-6666
Email: michael.gearin@klgates.com
*Counsel for Amazon Capital Services, Inc. and Amazon.com Services, LLC*

*/s/ Katherine A. Bell* (w/ email permission)
KATHERINE A. BELL
**Assistant United States Attorney**
717 West Broadway
Louisville, Kentucky 40202
Telephone: (502) 582-5094

Email: katherine.bell@usdoj.gov
*Counsel for U.S. Small Business Administration*

Have seen:

*/s/ Timothy E. Ruppel* (w/ email permission)
TIMOTHY E. RUPPEL
**Office of the United States Trustee**
601 W. Broadway, Suite 512
Louisville, Kentucky 40202
Telephone: (502) 582-5030
Email: tim.ruppel@usdoj.gov
*Assistant United States Trustee*